1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

9   JOHN LASH,                                    Case No. 3:14-cv-00503-MMD-VPC

10                              Plaintiff,                         ORDER

11          v.

12   DR. GEDNEY et al.,

13                              Defendants.

14          This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by

15   a state prisoner. On February 3, 2015, this Court issued an order dismissing the

16   complaint with leave to amend and directed Plaintiff to file an amended complaint within

17   thirty (30) days. (Dkt. no. 9 at 6-7.) The thirty-day period has now expired, and Plaintiff

18   has not filed an amended complaint or otherwise responded to the Court's order.

19          District courts have the inherent power to control their dockets and "[i]n the

20   exercise of that power, they may impose sanctions including, where appropriate . . .

21   dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829,

22   831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's

23   failure to prosecute an action, failure to obey a court order, or failure to comply with

24   local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for

25   noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.

26   1992)  (dismissal for failure to comply with an order requiring amendment of complaint);

27   *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply

28   with  local  rule  requiring  *pro  se* plaintiffs to keep court apprised of address); *Malone v.*

1  *U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply

2  with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal

3  for lack of prosecution and failure to comply with local rules).

4        In determining whether to dismiss an action for lack of prosecution, failure to

5  obey a court order, or failure to comply with local rules, the court must consider several

6  factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need

7  to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

8  favoring disposition of cases on their merits; and (5) the availability of less drastic

9  alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*,

10  833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

11        In the instant case, the Court finds that the first two factors, the public's interest in

12  expeditiously resolving this litigation and the Court's interest in managing the docket,

13  weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs

14  in favor of dismissal, since a presumption of injury arises from the occurrence of

15  unreasonable delay in filing a pleading ordered by the court or prosecuting an action.

16  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor — public

17  policy favoring disposition of cases on their merits — is greatly outweighed by the

18  factors in favor of dismissal discussed herein. Finally, a court's warning to a party that

19  his failure to obey the court's order will result in dismissal satisfies the "consideration of

20  alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33;

21  *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file an amended

22  complaint within thirty (30) days expressly stated: "It is further ordered that if Plaintiff

23  fails to file an amended complaint curing the deficiencies outlined in this order, this

24  action will be dismissed without prejudice." (Dkt. no. 9 at 7.) Thus, Plaintiff had

25  adequate warning that dismissal would result from his noncompliance with the Court's

26  order to file an amended complaint within thirty (30) days.

27  ///

28  ///

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an amended complaint in compliance with this Court's February 3, 2015, order and for failure to state a claim.

It is further ordered that the motion to proceed *in forma pauperis* (dkt. no. 8) is denied as moot.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

DATED THIS 16th day of March 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE